ERLAND A. LOVING *et al.,* Plaintiffs-Appellants, *v.* MANOR COURT, INC., *et al.,* Defendants-Appellees.

(No. 72-219;

Third District—March 22, 1973.

R. K. Rainey, of Princeton, for appellants.

George S. Skinner, of Princeton, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs, Erland Loving and Margaret Loving, brought this action in the Circuit Court of Bureau County to recover their down payment on a real estate sales contract from Manor Court, Inc., Defendant. The jury returned a verdict in favor of the plaintiffs for $2,000 but pursuant to defendant's post trial motion for judgment notwithstanding the verdict and for a new trial, the court set aside the jury's verdict, entered judgment for the defendant and alternatively granted defendant a new trial if the judgment was not affirmed on appeal.

On May 17, 1969, the plaintiff purchaser in a written contract agreed to purchase from the defendant a new house which was nearly com-

pleted. The purchase price of the house was $28,500 of which amount $2,000 was paid as a down payment at the time of the execution of the contract with the balance due July 1, 1969, on delivery of the deed.

The contract included the usual customary provisions incident to a house sale. Paragraph 2 of the contract which is the basis of this controversy provides:

"If prior to delivery of deed hereunder, the improvements on said premises shall be destroyed or materially damaged by fire or other casualty, Purchaser shall have the option of declaring this contract null and void and receiving a refund of the earnest money paid hereunder, or of accepting the premises as damaged or destroyed, together with the proceeds of any insurance payable to seller as a result of the destruction or damage, which proceeds the seller agrees to assign to the purchaser."

Another paragraph of the contract provided in usual terms that if the buyers defaulted the down payment of $2,000 should be retained by the seller as liquidated damages.

A few days after the execution of the contract there were two heavy rain storms within a period of about a week which caused water to enter the premises. According to defendant the cause of the entry of the water was the fact flashings had not as yet been installed and caulking of some of the windows had not been completed.

The purchaser after surveying the results of the rain storms, concluded that there had been material damage to the house. He thereupon notified the seller that he had elected to declare the contract void under the provision of paragraph 2 quoted above and requested the return of his down payment. Such demand was refused by the seller and this action followed.

As indicated above the jury returned a verdict in favor of the plaintiff for $2,000, the amount of his down payment but notwithstanding such verdict the court entered judgment in favor of the defendant.

On this appeal plaintiff argues that the court erred in its application of the *Pedrick* rule. (*Pedrick v. The Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504.) According to plaintiff considering all of the evidence in its aspect most favorable to the plaintiff it did not so overwhelmingly favor the defendant that no contrary judgment could stand. Defendant on the contrary argues that the evidence properly supports the court's action in entering the judgment in its favor notwithstanding the jury's verdict.

As a result of the first rain storm, according to plaintiff's testimony, there was substantial water damage to plastered ceilings and walls, to the

wall to wall carpeting and to the basement walls. After the second rain plaintiff indicated that there was evidence that the water had again affected the plaster and had accumulated in the basement to a depth of four inches, the carpeting being rolled up, although soaked. He observed several cracks, about four, in the basement walls which appeared after the rain had leaked into the basement, although according to his testimony, there may have been one crack in the wall at the time of the execution of the sales contract. Shortly after inspecting the premises after the rain storms had occurred, plaintiff notified defendant of his election and he did not thereafter inspect the premises.

According to defendant and its evidence, the visible effects of the water damage to the plaster had been eliminated by painting, the carpeting had dried out and any stains had disappeared and finally the cracks in the basement wall had been filled at a total cost for labor and material of $28.00.

Plaintiff argues that there are reasonable inferences which may be drawn from the evidence supporting his contention that the damage to the house was "material" and the defendant just as vociferously argues the contrary. In other words the defendant argues and the trial court agreed with such argument, that as a matter of law the damage could not be considered "material".

It is our conclusion that the arguments of the parties demonstrate that a jury question was presented and consequently the jury's resolution of the factual issues should not have been disturbed. Defendant claims the damage to the basement walls was superficial, that there was no visible damage to the plaster after the painting had occurred and the carpet was not stained after it dried out. On the other hand the plaintiff claims the cracks in the basement wall were not superficial even though the repairs themselves might have been considered superficial. Additionally plaintiff argues that the damage to the plaster and in particular its future strength could neither be discounted or eliminated by a claim that the stains had been covered with paint. Nor according to plaintiff, could the damage to carpet be discounted by indicating that the stains had disappeared.

The parties have referred us to several definitions of "material" but we find it unnecessary to adopt any particular definition of the term. We believe that under the circumstances of this case the evidence is such that a jury might well have concluded that the damage was serious and substantial notwithstanding the claim of defendant that it was minor or superficial.

Finding as we do that the evidence presented a factual issue properly

submittable to and resolved by the jury we believe the court not only erred in entering judgment notwithstanding the verdict but also believe there is no reason for awarding the defendant a new trial.

For the foregoing reasons the judgment of the Circuit Court of Bureau County is reversed and remanded with directions that the court enter judgment in favor of the plaintiff on the verdict of the jury.

Judgment reversed and remanded.

ALLOY, P. J., and SCOTT, J., concur.